UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CRONE HAWXHURST, LLP,<br><br>Plaintiff,<br><br>v.<br><br>EL PASEO JEWELRY EXCHANGE, INC.;<br>EL PASEO JEWELRY, INC.; and<br>RAJENDRA MEHTA,<br><br>Defendants. | Case No. 2:13-cv-00707-APG-NJK<br><br>**ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT** |

On April 25, 2013, defendant El Paseo Jewelry Exchange, Inc. ("El Paseo") filed a Notice of Removal of Action. (Dkt. No. 1.) El Paseo purported to remove a case filed in the Superior Court of California, County of Los Angeles ("Los Angeles Superior Court") to this court.

Removal of civil actions from state court to federal district court is governed by 28 U.S.C. § 1441. In relevant part, the statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, *to the district court of the United States for the district . . . embracing the place where such action is pending*." 28 U.S.C. § 1441(a) (2012) (emphasis supplied). The statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Mishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir.

1  1990)). When a defendant has removed a case to an improper federal district—a district not
2  embracing the place where the state court action is pending—the district court's proper response
3  is to remand the case back to the state court from which it came. *See Maysey v. CraveOnline*
4  *Media, LLC*, 2009 WL 3740737 at *4 (D. Ariz. 2009).
5       Here, the state court action was filed in Los Angeles County. As there can be no dispute
6  that Los Angeles County is *not* within the geographic boundaries of the District of Nevada, the
7  court must remand the case. Moreover, the burden of establishing removal jurisdiction is on the
8  Defendants, who made no argument in the petition for removal as to why the District of Nevada
9  is the proper district for removal in light of the plain language of 28 U.S.C. § 1441(a).
10      Accordingly, the court hereby ORDERS this case REMANDED to the Los Angeles
11 Superior Court.
12      DATED THIS 15th day of May, 2013.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE